NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL ECKARD, | No. 20-35267 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00104-RSM |
| v. | |
| PATRICIA THOMAS, Deputy, Snohomish County Jail; CLINTON MOLL, Deputy, Snohomish County Jail, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JAMIE KANE, Deputy, Snohomish County Jail, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Gabriel Eckard appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations arising from his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants because Eckard failed to raise a genuine dispute of material fact as to whether defendants' use of a restraint chair was not reasonably related to the legitimate objectives of maintaining jail safety and security. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-35267